IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Edith Hernandez and Rene Gomez, individually and on behalf of other employees similarly situated, Plaintiffs<br><br>v.<br><br>YSL Care, Inc., d/b/a Columbus Manor Residential Care, and Afzal Lokhandwala, individually, Defendants. | |

## COMPLAINT

NOW COME the Plaintiffs, Edith Hernandez and Rene Gomez, individually, and on behalf of other employees similarly situated, (hereinafter, collectively "Plaintiffs") through counsel, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and 820 ILCS § 115/1 *et seq.*, commonly known as the Illinois Wage Payment and Collection Act (hereinafter "IWPCA"), and complain against YSL Care, Inc. d/b/a Columbus Manor Residential Care, Inc. ("YSL"), and Afzal Lokhandwala, individually, (collectively, "Defendants") and in support of this Complaint, state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff Hernandez and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Plaintiffs also seek redress for Defendants' violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiff Gomez for all his hours worked at the rate agreed to by the parties.

3. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked and have failed to post a notice of rights.

4. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

5. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

### Plaintiffs

8. Plaintiffs were employed by Defendants in Cook County, Illinois which is in this judicial district.

9. During the course of their employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.* and the IWPCA, 820 ILCS 115/1 *et seq*.

10. During the course of their employment, Plaintiffs worked as cooks and dishwashers.

## Defendants

11. Defendant YSL is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Defendant YSL has annual gross sales of $500,000.00 or more.

13. Defendant YSL was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/2.

14. Defendant Afzal Lokhandwala is the owner of YSL and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Afzal Lokhandwala was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/2.

16. Based on information and belief, Defendant Afzal Lokhandwala resides and is domiciled in this judicial district.

## **FACTS**

17. Plaintiff Hernandez worked for Defendants from 2005 until approximately June 2014.

18. Plaintiff Gomez worked for Defendants from November 27, 2015 until May 12, 2016.

19. Plaintiffs were employed by Defendants as cooks and dishwashers.

20. Throughout the course of Plaintiff Hernandez' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants scheduled Plaintiff Hernandez to work in excess of forty (40) hours per week in one or more individual work weeks.

21. Throughout the course of Plaintiff Hernandez' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Plaintiff Hernandez did work in excess of forty (40) hours per week in one or more individual work weeks.

22. In the three (3) years prior to Plaintiffs filing this Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

23. Although Defendants scheduled Plaintiff Hernandez and others similarly situated to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff Hernandez or others similarly situated overtime wages at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours.

24. Instead, Defendants paid Plaintiff Hernandez and others similarly situated for all their regular hours worked, up to eighty hours per pay period, at their regular hourly rate.

25. Plaintiff Hernandez and others similarly situated were not compensated at all for their hours worked in excess of eighty (80) hours per pay period.

26. Plaintiffs were paid bi-weekly.

27. Defendants paid Plaintiff Hernandez $9.00 per hour.

28. Defendants paid Plaintiff Gomez $10.00 per hour for his work as a dishwasher.

29. Defendants agreed to pay Plaintiff Gomez $11.00 per hour for his work as a cook.

30. Although Defendants agreed to pay Plaintiff Gomez $11.00 per hour for all hours worked as a cook, Defendants did not pay Plaintiff Gomez $11.00 per hour for all hours worked as a cook.

31. Instead, Defendants paid Plaintiff Gomez $10.00 per hour for all hours worked as a cook.

32. Thus, Defendants did not compensate Plaintiffs for all hours worked at the rate agreed to by the parties.

33. Neither Plaintiff Hernandez nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

34. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff Hernandez and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

36. Defendants did not compensate Plaintiff Hernandez or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

37. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

39. Plaintiff Hernandez and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff Hernandez and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

40. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

41. This Count arises from Defendants' failure to pay Plaintiff Hernandez overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

42. Defendants directed Plaintiff Hernandez to work, and Plaintiff Hernandez did work, in excess of forty (40) hours in individual work weeks.

43. Plaintiff Hernandez was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44. Defendants did not pay Plaintiff Hernandez overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45. Defendant's violated the IMWL by failing to pay Plaintiff Hernandez overtime wages for all hours worked in individual work weeks.

46. Pursuant to 820 ILCS 105/12(a), Plaintiff Hernandez is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff Hernandez as provided by the IMWL;

B. Award Statutory damages for Plaintiff Hernandez pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE IWPCA

47. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

48. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff Gomez all wages earned during all time worked for Defendant at the rate agreed to by the parties.

49. During the course of their employment with Defendants, Plaintiff Gomez had an agreement within the meaning of the IWPCA to be compensated for his hours worked as a cook at the rate agreed to by the parties.

50. In one or more individual work weeks, Defendants did not pay Plaintiff Gomez for all hours worked as a cook at the rates agreed to by the parties.

51. Instead, Defendants regularly shorted Plaintiff Gomez' pay, as described in paragraphs 28-32, *supra*.

52. Plaintiff Gomez was entitled to be compensated for all time worked as agreed between Plaintiff Gomez and Defendants.

53. Plaintiff Gomez is entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

54. Defendants' failure to pay Plaintiff Gomez for all time worked violated the IWPCA.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff Gomez as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiffs' attorneys